## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOWARD OMAR POWELL,** | : | **CIVIL ACTION NO. 1:06-CV-0057** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | **FILED** |
| **FRANKLIN TENNIS, THOMAS** | : | **HARRISBURG** |
| **CORBETT, Attorney General of** | : | |
| **Pennsylvania,** | : | JUN 2 0 2006 |
| | : | |
| **Respondents** | : | MARY E. D'ANDREA, CLERK |
| | | Per_____ |
| | | Deputy Clerk |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) in

which Howard Omar Powell, ("Powell"), challenges his Pennsylvania state

convictions. For the reasons that follow, the petition will be dismissed as untimely.

### I.    Statement of Facts

Following a jury trial in the Court of Common Pleas of Schuylkill County,

Pennsylvania, Powell was convicted of attempted first degree murder, robbery,

conspiracy, aggravated assault and simple assault, and sentenced to an aggregate

sentence of twenty-seven to fifty-four years imprisonment. (Doc. 17-4). The

judgment of sentence was affirmed by the Pennsylvania Superior Court on June 3,

2002. (Doc. 17-6); see Commonwealth v. Powell, 806 A.2d 464 (Pa. Super. 2002)

(unpublished memorandum). Powell did not seek further review.

On October 4, 2002, Powell filed his first petition pursuant to the Post

Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546. (Doc. 17-7). The

petition was denied on February 3, 2003. (Doc. 17-8). On November 13, 2003, the

Pennsylvania Superior Court affirmed the PCRA court's order. (Doc. 17-9); see
Commonwealth v. Powell, 841 A.2d 578 (Pa. Super. 2003)(unpublished
memorandum).  Powell's petition for allowance of appeal was denied by the
Pennsylvania Supreme Court on April 14, 2004.  (Doc. 17-10); see Commonwealth v.
Powell, 848 A.2d 928 (Pa. 2004).

Powell filed a second PCRA petition on May 21, 2004.  (Doc. 17-11).  He
amended the petition on August 16, 2004.  (Doc. 17-12).  On December 27, 2004,
because the petition was filed more than one year after the judgment of sentence
became final, the petition was dismissed as untimely.  (Docs. 17-13, 17-14).  In
affirming that the PCRA court's order dismissing the petition as untimely, the
superior court stated the following:

> [Powell] filed the instant PCRA petition, his second, on May
> 21, 2004, approximately 22 months after his judgment of sentence
> became final.  As stated above, the PCRA court dismissed this
> petition as untimely.  The timeliness requirement within the
> PCRA, which is jurisdictional, is set forth in section 9543, which in
> pertinent part states:
>
> (b)  Time for filing petition. - -
>
> (1)  Any petition under this subchapter, including a second
> or subsequent petition, shall be filed within one year of the
> date the judgment becomes final, unless the petition alleges
> and the petitioner proves that:
>
> (i)    the failure to raise the claim previously was the
>        result of interference by government officials with
>        the presentation of the claim in violation of the
>        Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were
>        unknown to the petitioner and could not have
>        been ascertained by the exercise of due diligence;
>        or

        (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9543(b).

Therefore, since [Powell] has filed his second PCRA petition more than one year after his sentence became final, he must allege that he has met one of the aforementioned timeliness exceptions. [Powell] has made no such allegation.

(Doc. 17-14, p. 3). The superior court order was issued on November 22, 2005, and no appeal was taken.

The instant petition was filed on January 10, 2006. In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the court issued formal notice to Powell that he could either have the court rule on the petition as filed or withdraw it and thereafter file an all-inclusive petition within the one-year limit for filing such a petition. (Doc. 5). Powell filed a notice of election in which he opted to have the court consider the petition as filed. (Doc. 9).

## II.    <u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations on state prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. See id. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which a judgment becomes final by the issuance of a final decision on direct appeal or the expiration

3

of the time period for seeking such review. Id.; see Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999). Powell's judgment of sentence was affirmed on June 3, 2002, and because he did not file a petition for review in the Pennsylvania Supreme Court, the judgment became final at the expiration of the thirty-day time period to file the petition for review. See PA.R.APP. P. 1113(a). Therefore, his judgment of sentence was final on July 3, 2002, and he had until July 3, 2003, to file a § 2254 petition.

However, in computing the one-year period, the time during which a properly filed application for state post-conviction or other collateral review is not counted. See 28 U.S.C. § 2244(d)(2). In the case *sub judice*, the limitation period was tolled when Powell filed his first PCRA on October 4, 2002, at which time Powell had exhausted approximately 94 days of the one-year period. The limitation period then commenced when Powell's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on April 14, 2004. At that point, Powell had approximately nine months to file his federal petition. The instant petition was not filed until January 10, 2006, almost a full year after the limitations period expired. The petition is therefore untimely and will be dismissed.[1]

An appropriate order will issue.

---

[1] Because Powell's second PCRA petiton was found to be untimely by the state court, it does not qualify as a properly filed application. See Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003)(PCRA petition found to be untimely does not qualify as a properly filed application for relief). Consequently, it did not operate to toll the limitations period.

CHRISTOPHER C. CONNER
United States District Judge

Dated:        June 20, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD OMAR POWELL, | : | CIVIL ACTION NO. 1:06-CV-0057 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, THOMAS | : | |
| CORBETT, Attorney General of | : | |
| Pennsylvania, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 20th day of June, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as untimely.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealabilty.  See 28 U.S.C. § 2253(c).

CHRISTOPHER C. CONNER
United States District Judge