# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HOWARD OMAR POWELL**, | CIVIL ACTION NO. 1:06-CV-0057 |
| Petitioner | (Judge Conner) |
| v. | |
| **FRANKLIN TENNIS, THOMAS CORBETT**, Attorney General of Pennsylvania, | |
| Respondents | |

## ORDER

AND NOW, this 8th day of January, 2013, upon consideration of petitioner's motion filed pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6)[1] (Doc. 24 at 3), in which he attempts to challenge the Court's 2006 denial of his habeas corpus petition as untimely (Doc. 18), in light of the U.S. Supreme Court's recent decision in <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012)" (Doc. 24, at 1), which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," <u>Martinez</u>, 132 S.Ct. at 1315, and it appearing that the motion

---

[1] Rule 60(b) (6) is a catch all provision. Motions under this rule are subject to the requirement that a petitioner file his motion "within a reasonable time. . ." FED.R.CIV.P. 60(c). A petitioner may not use Rule 60(b)(6) "as a catchall to avoid the one-year limitation [of Rule 60(c) ]." <u>Gambocz v. Ellmyer</u>, 438 F.2d 915, 917 (3d Cir. 1971)). A motion filed under Rule 60(b)(6) more than one year after final judgment is generally untimely unless "exceptional circumstances" justify the delay. <u>Ackerman v. United States</u>, 340 U.S. 193, 202 (1950).

which was filed under Rule 60(b)(6) more than one year after final judgment is untimely, unless "exceptional circumstances" justify the delay, Ackerman v. United States, 340 U.S. 193, 202 (1950), and the United States Court of Appeals for the Fifth Circuit[2] has concluded that the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under rule 60(b)(6), Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012), and it further appearing that there is nothing in Martinez that is applicable to petitioner's situation since the Court's consideration of petitioner's petition was limited to the threshold issue of timeliness, see Vogt v. Coleman, No. 08-530, 2012 WL 2930871, *4 (collecting cases), it is hereby ORDERED that the motion (Doc. 24) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The Third Circuit has not yet spoken on the issue.